**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10cv363**

| | |
|---|---|
| SARA JACKSON, ) | |
| ) | |
|       **Plaintiff,** ) | |
| Vs. ) | **ORDER** |
| ) | |
| WEIGHT WATCHERS ) | |
| INTERNATIONAL, INC. and WEIGHT ) | |
| WATCHERS NORTH AMERICA, INC., ) | |
| ) | |
|       **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss Plaintiff's Second Claim for Relief (#8) and defendants' Motion to Dismiss Plaintiff's Second Claim for Relief in her First Amended Complaint (#13). A hearing was conducted on April 28, 2011.

**FINDINGS AND CONCLUSIONS**

**I.    Nature of the Action**

Plaintiff is a former meeting leader for Weight Watchers North America, Inc. ("Weight Watchers") and alleges that she was discriminated against on the basis of her age when Weight Watchers relieved her of responsibilities as a meeting leader and trained her and offered her assignments as a receptionist. Plaintiff characterizes this as a "demotion" and alleges she was "effectively terminated." At the hearing, counsel for plaintiff proffered that despite being retrained as a receptionist, plaintiff had not been given any assignments for a number of months.

This action is brought under the Age Discrimination in Employment Act, 29 U.S.C.

§ 621 *et seq.*, with a supplemental state-law claim for wrongful discharge in violation of the public policy articulated in the *North Carolina Equal Employment Practices Act* (hereinafter "NCEEPA"), N.C. Gen. Stat. § 143-422.2 *et seq*. Defendants move to dismiss plaintiffs' Second Cause of Action, in which plaintiff asserts a claim for wrongful discharge under the NCEEPA. Moving under Rule 12(b)(6), Federal Rules of Civil Procedure, defendants contends that plaintiff cannot assert a wrongful *constructive discharge* claim as such a cause of action is not recognized as a matter of state law.

**II.     Discussion**

   **A.     Applicable Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support

recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has

acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### B. The First Motion to Dismiss

Even though plaintiff filed an Amended Complaint within 21 days of defendants filing their first Motion to Dismiss, the respective parties continued to brief that motion. By amending the Complaint, the first Motion to Dismiss is moot as a matter of law. Young v.

City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ...is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ··· became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

The court has considered defendants' argument that because plaintiff failed to respond to such motion within the time allowed the first Motion to Dismiss should be summarily granted. While the Local Civil Rules do provide for a response within 14 days, local rules of a court cannot be read as superseding the Federal Rules of Civil Procedure.

> "One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules. This is especially true of matters which relate to the administration of legal proceedings, an area in which federal courts have traditionally exerted strong inherent power, completely aside from the powers Congress expressly conferred in the Rules. The purpose of the Erie doctrine, even as extended in York and Ragan, was never to bottle up federal courts with 'outcome-determinative' and 'integral-relations' stoppers-when there are 'affirmative countervailing (federal) considerations' and when there is a Congressional mandate (the Rules) supported by constitutional authority." Lumbermen's Mutual Casualty Co. v. Wright, 322

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

F.2d 759, 764 (C.A.5th Cir. 1963).

Hanna v. Plumer, 380 U.S. 460, 472-473 (1965)(footnote omitted). By complying with Rule 15, plaintiff has necessarily complied with the rules of this court. The first Motion to Dismiss will be denied without prejudice as moot.

**C.     Second Motion to Dismiss**

As discussed at the hearing, defendants have correctly characterized North Carolina law as not recognizing a demotion or constructive discharge as an actionable basis for a wrongful discharge claim under the NCEEPA. It is only actual discharges that are actionable.

Plaintiff has relied on a number of cases which originated in this district for the proposition that North Carolina law recognizes a claim for wrongful termination under the NCEEPA based on constructive discharge. In Cox v. Indian Head Industries, Inc., 123 F.Supp.2d 892, 900 (W.D.N.C. 2000), Honorable Lacy H. Thornburg, United States District Judge (now retired), allowed a constructive discharge claim for sexual harassment to proceed under state law based on a mis-reading of a intermediate North Carolina appellate decision. As other federal courts have found since Cox issued:

> because the North Carolina courts have declined to recognize a public policy exception to the employment-at-will doctrine for constructive, as opposed to actual, discharges, this Court declines to do so as well.

Gallimore v. Newman Machine Co, Inc., 301 F.Supp.2d 431, 453 (M.D.N.C. 2004). The Cox decision has also been firmly rejected by other judges in this district. Ravan v. Forest Pharm., Inc., 2009 WL 1152190, *3 (W.D.N.C. April 15, 2009); Riepe v. Sarstedt, Inc., 2010 WL

3326691 (W.D.N.C. Aug. 23, 2010). Finally, in Whitt v. Harris Teeter, Inc., 359 N.C. 625 (2005), the North Carolina Supreme Court laid the issue to rest when it refused to recognize a cause of action for wrongful discharge in violation of the public policy articulated in the NCEEPA. Id., at 625.

Turning to the allegations of the Amended Complaint, defendant contends that plaintiff's Second Claim for Relief should be dismissed under Rule 12(b)(6) because it attempts to assert wrongful termination based on constructive discharge. Review of the Amended Complaint, however, reveals the following allegations:

> 48. Defendants violated the public policy of the State of North Carolina by terminating Plaintiff on account of her age. Defendants wrongfully discharged plaintiff in contravention of the express public policy of the State of North Carolina.
>
> 49. For purposes of her wrongful discharge in violation of public policy claim Plaintiff does not contend that she was constructively discharged. More specifically, for purposes of this claim, Plaintiff does not contend that Defendants made her work conditions intolerable to induce her to quit her employment.

Amended Complaint, at ¶¶ 48-49. Such allegations satisfy the pleading requirements of Rule 8 and the standard of review applicable under Rule 12(b)(6) as they plausibly allege wrongful termination and specifically rule out any claim based on constructive discharge. While plaintiff must allege sufficient plausible facts to support her claim, Rule 12(b)(6) is simply an inappropriate tool for testing the sufficiency of the evidence plaintiff has that supports her allegation that she was wrongfully discharged. In the Amended Complaint, plaintiff has alleged that defendants took away her title, all of her duties, and her pay. What evidence she

has to support such allegations and whether it would be sufficient to show an actual as opposed to a constructive discharge is better considered in the context of summary judgment or, if genuine issues of fact remain, at trial by a jury.

The court will deny the second Motion to Dismiss; however, such denial will be without prejudice as to bringing the substance of such motion in the form of a Motion for Summary Judgment.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss Plaintiff's Second Claim for Relief (#8) is **DENIED** without prejudice as **MOOT**, and defendants' Motion to Dismiss Plaintiff's Second Claim for Relief in her First Amended Complaint (#13) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendants Answer the Amended Complaint within 14 days.

Signed: May 16, 2011

Max O. Cogburn Jr.
United States District Judge