# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARA JACKSON,

                 Plaintiff,

     v.

WEIGHT WATCHERS INTERNATIONAL,
INC. and WEIGHT WATCHERS NORTH
AMERICA, INC.,

                Defendants.

Case No. 3:10-cv-363-MOC-DCK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CONSENT DISCOVERY PROTECTIVE ORDER

WHEREAS, the parties to this action believe that the conduct of this matter

will require disclosure of confidential information, including commercial,

financial, personnel and payroll information and other information of a non-public

nature.

WHEREAS, the parties to this action have agreed to keep confidential all

confidential and proprietary information that the parties may learn during the

course of discovery in this action about the business of Weight Watchers

International, Inc. ("WWI"), Weight Watchers North America, Inc. ("WWNA") and their respective subsidiaries and affiliates (collectively, "Weight Watchers"), including, but not limited to, information relating to current and former employees, customers, pricing, know-how, and processes, policies and practices.

IT IS HEREBY ORDERED that, if, pursuant to proceedings in this action, any party or third-party witness (a) produces documents, data or information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written discovery requests, or subpoena duces tecum, which any party or other person claims to constitute confidential information, or (b) receives, by an oral or written communication, documents, data or information which any party or other person claims to constitute confidential information, the following procedures shall be employed and the following restrictions shall govern:

**1.** <u>**Designation of Material**</u>

1.1.    Any party to this action, and any non-party from whom discovery is

sought in connection with this action, may designate as "*Confidential*" or

"*Confidential – Attorneys Only*" any documents, things, interrogatory answers,

responses to request for admissions, trial or deposition testimony, or other material

that contains information within either of the above designations, as hereinafter

defined.

1.2.    As used herein, "*Confidential*" information shall be information, data,

documents and procedures of Weight Watchers that were developed or created in

connection with Weight Watchers' customers, services or pricing; internal

guidelines and procedures; personnel and customer information; non-public

financial information, business plans, and other competitively sensitive

information; and methods, techniques or processes which are not generally known

by or available to the public as determined in good faith by the producing party.

*Confidential – Attorneys Only* shall be personal employment information, other

than the names and contact information of Plaintiff(s), or extremely sensitive

"Confidential Information or Items" whose disclosure to another Party or nonparty

would create a substantial risk of serious injury that could not be avoided by less

restrictive means as determined in good faith by the producing party.

**2.** **Restriction on Use and Disclosure of Designated and Non-Designated Materials**

2.1.       Absent a specific order of this Court, material designated "*Confidential*" or "*Confidential – Attorneys Only*" and any information derived therefrom, shall be used by the parties solely in connection with the currently pending litigation between these parties, and not for any business, competitive or other purpose, and such information shall not be disclosed to anyone except as expressly provided herein.

2.2.    Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "*Confidential*" or "*Confidential – Attorneys Only*" designated material.  No copies of materials designated "*Confidential*" or "*Confidential – Attorneys Only*" shall be made except by or on behalf of counsel for the parties.

2.3.    The restrictions contained in this section do not apply to (a) information that, as evidenced by written records, is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating party in violation of this Protective Order; or (b) information that, as evidenced by written records, a non-designating party has lawfully obtained or may hereafter lawfully obtain from a non-party to this action having the right to disclose such information free of any obligation of confidentiality.

2.4.    In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as "*Confidential*" or "*Confidential –Attorneys Only*" materials, the parties shall in good faith attempt to resolve the dispute.  In the event of failure to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order.  The information shall be treated as designated until the issue is resolved.  The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating party.

2.5.    The Court retains the authority at all times to finally review any document or information designated by a party as "*Confidential*" or "*Confidential – Attorneys Only*" and to determine the appropriateness of that designation, and to re-designate any document as non-confidential if the Court determines that a party's "*Confidential*" designation is not appropriate.

3.    **Marking of Designated Materials**

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized disclosure or use.  The legend shall read:  "*Confidential*" or "*Confidential – Attorneys Only*."  All pages of documents to be so designated shall be marked prior to producing a physical copy thereof to the receiving party.  A designation of other types of materials (i.e., electronic materials, recordings, etc.)

shall be done in a way so that the receiving party can readily identify that the material has been designated confidential.

### 4. Inadvertent Disclosure or Failure to Mark or Designate

4.1. If a party inadvertently discloses any document or thing containing

"*Confidential*" or "*Confidential – Attorneys Only*" information without designating it as such, the disclosing party shall promptly, upon discovery of such disclosure, inform the receiving party in writing, and the receiving party shall thereafter treat the information as newly designated. The disclosing party shall provide replacement copies of said inadvertently disclosed materials, with the appropriate designation, to the receiving party within thirty (30) days of discovery of such inadvertent disclosure. The receiving party shall make every reasonable effort to retrieve the undesignated materials from all persons who received the undesignated materials and return such materials to the disclosing party or, if so directed by the disclosing party, destroy all copies of the undesignated materials.

4.2. If a producing party discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the materials or information be returned. The receiving party will return such disclosed materials or information and all copies within ten

(10) days of receiving the written request for return of the materials or information. *See* Fed. R. Evid. 502.

4.3.    Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated information is in fact confidential.

### 5.    Depositions and Pretrial Testimony

5.1.    In the case of depositions or other pretrial testimony, the designation of depositions or other pretrial testimony, or portions thereof, shall be made (a) by a statement on the record, by counsel, during such deposition or other pretrial proceedings that the entire transcript or portion thereof shall be designated as "*Confidential*" or "*Confidential – Attorneys Only*" as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all parties within twenty (20) days after the designating party's receipt of a transcript of any deposition or testimony.  If any document or information designated "*Confidential*" or "*Confidential – Attorneys Only*" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

5.2.    If a party anticipates that it may disclose at any hearing or at trial any information designated "*Confidential*" or "*Confidential – Attorneys Only*,"

pursuant to this Protective Order, the parties shall consult with the Court prior to such hearing or trial regarding appropriate procedures to maintain the confidentiality of the information before the information is disclosed.

5.3.    Aside from the Court, deponents, professional translators and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "*Confidential*" or "*Confidential – Attorneys Only*" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

6.    **Access to "*Confidential*" Materials**

6.1.    Except as provided in Section 7 below, Information or materials designated "*Confidential*," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only to the following persons:

(a)    The Court under seal;

(b)    Plaintiff, the Parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation as determined in good faith by such counsel;

(c)    Outside stenographic court reporters, videographers, language

translators, and other organizations supplying litigation support
services with disclosure only to the extent necessary to perform such
services;

(d)     Graphics or design services retained by counsel for a party for
purposes of preparing demonstrative exhibits for deposition, trial or
other court proceedings in this action with disclosure only to the
extent necessary to perform such services, provided that the persons to
whom the information is disclosed execute an undertaking in the form
attached hereto as Exhibit A, agreeing to be bound by the provisions
of this Protective Order;

(e)     Non-technical jury or trial consulting services retained by counsel for
a party with disclosure only to the extent necessary to perform such
services and provided that the persons to whom the information is
disclosed execute an undertaking in the form attached hereto as
Exhibit A, agreeing to be bound by the provisions of this Protective
Order;

(f)     Outside experts and consultants as defined in Paragraph 6.2, and their
secretarial and clerical assistants with disclosure only to the extent
necessary to perform such services;

(g)     Any other person upon order of this Court or upon written consent of

the party producing the confidential information or material with disclosure only to the extent deemed necessary by the Court or the parties and provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order; and

(h) Employees, officers, or directors of Weight Watchers, to the extent reasonably necessary to assist with the prosecution of the litigation.

(i) Former employees, officers, or directors of Weight Watchers, to the extent reasonably necessary to assist with the prosecution of the litigation, and so long as such persons have executed an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, before receiving any "Confidential" information produced by the other party.

**6.2** For purposes of this Protective Order, "outside experts and consultants" shall be defined as any person or entity who is neither an employee of a party nor anticipated to become an employee of Weight Watchers during the course of this litigation, and who is retained or employed as a consultant or expert

for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a party.

### **Disclosure to Authors and Previous Recipients**

**7.**

The designation of any document as "*Confidential*" or "*Confidential –*
*Attorneys Only*" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein. Nothing in this Protective Order shall be interpreted to prohibit or prevent Weight Watchers from using or discussing any of its own information, in the normal course of business or for any other purpose, that

may be designated "Confidential" pursuant to this Agreement, nor shall any such use be deemed a waiver of any protections afforded by this Protective Order.

**8.**    **Access to "*Confidential – Attorneys Only*" Materials**

**8.1**    Documents or information designated as "*Confidential – Attorneys Only*" shall be disclosed only to attorneys of record or in-house attorneys for the parties to this action, the authorized secretarial and legal assistance staff of such attorneys, the Court and Court personnel as provided in Paragraph 6(a), and subject to Paragraphs 6.1(e)-6.1(f), to consultants, experts, and their staff retained by the parties or their attorneys for purposes of this litigation.  No documents or information designated as "*Confidential – Attorneys Only*" shall be disclosed to any third party or to any party to this action, other than the disclosing party, except by written stipulation of the parties or by order of the Court.  Documents or things designated as "*Confidential – Attorneys Only*" shall not be retained, filed, or stored on the premises of Plaintiff.

**8.2**    If counsel for the non-designating party reasonably believes that disclosure of a document designated as "*Confidential – Attorneys Only*" is necessary to adequately advise their client concerning the merits of the case, the propriety of a particular proposed resolution, or otherwise, counsel for the non-designating party seeking to disclose the material will notify the counsel for the designating party of the specific material to be disclosed, the person to whom it

would be disclosed, and the need for the disclosure. The parties will use their best

efforts to resolve such objections among themselves. Such disclosure will only

occur where the counsel for the designating party consents to or the Court permits

such disclosure under the Protective Order upon application.

**9.1** **Filing Materials Under Seal**

This Protective Order does not itself permit materials to be filed under seal. Any documents filed under seal must comport with the rules of this Court, in particular Rule 5.3(c). Nothing in this Protective Order shall prevent any party from filing *Confidential* or *Confidential – Attorneys Only* Information with the Court for the Court's use in connection with any motions, trial, appeal, or other issues before it. However, all documents or information comprising or containing *Confidential* Information that are filed in any court shall be filed under seal pursuant to the rules of this Court, including Rule 5.3(c). Any non-designating party agrees that it will not file any documents designated *Confidential* or *Confidential – Attorneys Only* Information without first notifying the designating party of the documents it seeks to submit and giving the designating party 14 days to file a motion to seal. If the designating party does file a motion to seal, any non-designating party agrees that it will not file any documents designated *Confidential* or *Confidential – Attorneys Only* Information while any such motion is pending. No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified in this Protective Order.

The execution of this Protective Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Protective Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Protective Order.

### Disposition of Materials at End of Case

**10.**

Within 30 days of the completion of litigation, the parties agree to either (i) destroy all documents, data, and files received from another party to the

litigation or (ii) return all documents, data, and files received from another party to that party.

**Duration of Order**

**11.**

All provisions of this Protective Order shall expire one month after compliance by all parties with Paragraph 10 hereof.  The confidentiality obligations imposed by this Protective Order shall survive any such expiration

unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

### 12. **Modification of Order**

Nothing in this Protective Order shall prevent any party from applying to this Court for entry of an Order declassifying a document which has been designated "*Confidential*" or "*Confidential – Attorneys Only*." This Protective Order shall not prevent any party from applying to this Court for relief therefrom or from applying to this Court for further or additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court.

PARKER POE ADAMS & BERNSTEIN, LLP

DATED: December 8, 2011

s/ Keith M. Weddington
Keith M. Weddington N.C. Bar No. 14352
Three Wachovia Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
Email: keithweddington@parkerpoe.com

*Attorney for Defendants Weight Watchers International, Inc. and Weight Watchers North America, Inc.*

GIBSON, DUNN & CRUTCHER LLP

DATED: December 8, 2011

By:   s/ Jason Schwartz
                Jason Schwartz

*Attorney for Defendants Weight Watchers
International, Inc. and Weight Watchers
North America, Inc.*




PATTERSON HARKAVY LLP

DATED:  December 8, 2011




By:   s/ Ann E. Groninger
                Ann E. Groninger

*Attorney for Plaintiff*


SO ORDERED.




Signed: December 9, 2011


David C. Keesler
United States Magistrate Judge

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

SARA JACKSON,
      Plaintiff,                  :

      v.                        :

                             :

WEIGHT WATCHERS
INTERNATIONAL, INC. and WEIGHT  :
WATCHERS NORTH AMERICA, INC.,  :
      Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UNDERTAKING RE: [CONSENT] DISCOVERY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.    I reside at _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions in the Protective Order.  I will hold in confidence, will not disclosure to anyone not qualified under the Protective Order, and will use only for the purposes set forth in the Protective Order any information or documents designated "*Confidential*" or "*Confidential – Attorneys Only*" and disclosed to me.

4. Promptly upon termination of this action, I will return all designated "*Confidential*" or "*Confidential – Attorneys Only*" information and documents that came into my possession, and all documents and things I have prepared relating thereto, to counsel for the party by whom I am retained or employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order and this Undertaking in this action.


Dated_____          _____